

**MARK BRNOVICH**
ATTORNEY GENERAL

**OFFICE OF THE ARIZONA ATTORNEY GENERAL**

**APPEALS AND CONSTITUTIONAL LITIGATION DIVISION**

**DREW C. ENSIGN**
DEPUTY SOLICITOR GENERAL
DIRECT PHONE NO.: (602) 542-5025
DREW.ENSIGN@AZAG.GOV

May 22, 2019

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *Jordahl et al. v. Brnovich et al.*, No. 18-16896; Response to Plaintiff-Appellees' 28(j) Letter of May 8, 2019

Dear Ms. Dwyer:

    Defendant-Appellants (the "State") hereby respond to Plaintiff-Appellee's May 8, 2019 Rule 28(j) letter regarding *Amawi v. Pflugerville Indep. Sch. Dist.*, No. 1:18-CV-1091-RP, 2019 WL 1865288 (W.D. Tex. Apr. 25, 2019), *appeal pending*, No. 19-50384. That decision provides no compelling basis for affirmance here, as the opinion is deeply flawed for at least five reasons.

    *First*, much like Plaintiffs here (Answering Br.31-32), the *Amawi* court distinguished *Rumsfeld v. FAIR*, 547 U.S. 47 (2006), principally on the basis that "the word 'boycott' appears nowhere in the opinion." 2019 WL 1865288 at *13. That distinction is specious. *See* Opening Br.29-30; Reply Br.7.

    *Second*, much like the district court here, the *Amawi* court failed to analyze the actual expressiveness of the conduct at issue and simply bootstrapped the analysis by relying on *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982). That too is clear error. *See* Opening Br.21-27; Reply Br.3-4, 15.

    *Third*, the *Amawi* court wrongly discounted Texas's anti-discrimination interests. 2019 WL 1865288 at *17-19. It notably failed to account for well-established precedent that anti-discrimination measures are content/viewpoint neutral and serve compelling governmental interests. *See* Opening Br.38-47; Reply Br.12-15, 17-22. The *Amawi* court's analysis would also doom sanctions law, which—like Arizona's and Texas's laws—are typically country-based. *See* Opening Br.58-60; Reply Br.14-15.

    *Fourth*, the *Amawi* court's reasoning that mere denial of public funds through public contracting is tantamount to an outright criminal prohibition violates established Supreme Court precedent. *See* Opening Br.49-57; Reply Br.23-27.

Molly C. Dwyer
May 22, 2019
Page 2

*Fifth*, and also like the district court here, the *Amawi* court issued a blanket injunction without offering a single word to defend its scope. 2019 WL 1865288 at *28. That is flagrant error, Opening Br.63-71; Reply Br.31-37, which is emblematic of the other errors that pervade the *Amawi* decision.

Finally, much like Plaintiffs, the *Amawi* court is silent as to *Arkansas Times LP v. Waldrip*. 362 F. Supp. 3d 617 (E.D. Ark. 2019). *Arkansas Times* notably rejected a First Amendment challenge to an equivalent Arkansas law under *FAIR*, explaining that "*FAIR* is controlling." *Id.* at 624. Plaintiffs have yet to offer any response. *See* Reply Br.10-11.

                                            Sincerely,

                                            <u>s/ Drew C. Ensign</u>
                                            Drew C. Ensign
                                            Deputy Solicitor General

cc:     Brian Hauss
          Vera Eidelman
          Ben Wizner
          Kathleen E. Brody
          Darrell L. Hill

# CERTIFICATE OF SERVICE

I, Drew C. Ensign, hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 22, 2019, which will send notice of such filing to all registered CM/ECF users.

s/ Drew C. Ensign
Drew C. Ensign