No. 18-16896

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MIKKEL JORDAHL and MIKKEL (MIK) JORDAHL, P.C.
Plaintiff-Appellees,

v.

THE STATE OF ARIZONA and MARK BRNOVICH, ARIZONA ATTORNEY GENERAL,
Defendant-Appellants,

and

JIM DRISCOLL, COCONINO COUNTY SHERIFF,
Defendants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Case No. 3:17-cv-08263

**STATE OF ARIZONA'S RENEWED MOTION
FOR A STAY PENDING APPEAL**

MARK BRNOVICH
ATTORNEY GENERAL

Drew C. Ensign
Oramel H. (O.H.) Skinner
Brunn (Beau) W. Roysden III
Anthony R. Napolitano
Robert J. Makar
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-5025
Facsimile: (602) 542-4377
*Counsel for the State of Arizona*

Dated: August 27, 2019

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ..................................................................................................... 1

BACKGROUND ....................................................................................................... 2

LEGAL STANDARD ............................................................................................... 4

ARGUMENT ............................................................................................................. 5

I. THE AMENDED ACT MOOTS THIS CASE ................................................ 5

II. THE STATE IS ALSO LIKELY TO PREVAIL ON ITS FIRST AMENDMENT AND SCOPE ARGUMENTS ............................................... 7

III. THE BALANCE OF HARMS NOW TIPS SHARPLY IN FAVOR OF THE STATE ................................................................................................ 9

CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Board of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 923 F.3d 1162,
   1163 (9th Cir. 2019) .................................................................... 1, 4, 6, 7

*Food & Water Watch, Inc. v. Vilsack*
   808 F.3d 905 (D.C. Cir. 2015) ................................................................ 5

*Nken v. Holder*
   556 U.S. 418 (2009) ................................................................................ 4

*Rumsfeld v. FAIR*
   547 U.S. 47 (2006) .................................................................................. 7

*Stormans, Inc. v. Selecky*
   586 F.3d 1109 (9th Cir. 2009) ................................................................ 8

**STATUTES**

A.R.S. § 35-393 ............................................................................................. 3

A.R.S. § 35-393.01 ........................................................................................ 3

## INTRODUCTION

Mark Brnovich in his official capacity as Arizona Attorney General, and the State of Arizona (collectively, the "State"), respectfully renew their motion for a stay pending appeal of the preliminary injunction entered by the district court on September 27, 2018 (the "Preliminary Injunction"), which enjoined enforcement of the former A.R.S. §35-393 *et seq.* (the "Original Act"). The State recognizes that submission of its appeal has been deferred pending this Court's consideration en banc of *Board of Trustees v. Chambers*, No. 16-15588. That understandably may take some time. But in the interim, the Preliminary Injunction should be stayed.

Several new factors, which have occurred since this Court considered the State's original request, strengthen the need for a stay pending appeal including:

1) The Original Act has been amended such that it concededly does not apply to Plaintiffs *at all*;

2) This Court has voted to rehear en banc the principal precedent on which Plaintiffs were relying to resist a determination that this suit was moot;

3) Briefing is now complete, which provides far more extensive analysis than the original motion papers, and makes clear that Plaintiffs' arguments fail on the merits and that the injunction is overbroad;

4) The balance of harms now tips even more sharply in favor of the State, since Plaintiffs will not suffer *any* conceivable harm from a statute that now does not apply to them; and

5) Plaintiffs have *agreed* that this appeal became moot on August 27, 2019, telling this Court that once the Amended Act becomes effective, "the Court should dismiss the appeal as moot and vacate the preliminary injunction." Doc. 106 at 4.[1]

For all of these reasons, this Court should grant the State's renewed motion for a stay pending appeal. (Plaintiffs take no position on this motion.)

## BACKGROUND

The Original Act required government contractors to certify that they would not engage in a boycott of Israel as a condition of contracting with the State or its subdivisions. Plaintiffs, attorney Mikkel (Mik) Jordahl and his sole proprietorship, brought suit challenging the constitutionality of the Original Act on First Amendment grounds.

The district court granted Plaintiffs' motion for a preliminary injunction, and enjoined enforcement of the Original Act through its certification requirement.

---

[1] As used herein: (1) "Doc." refers to documents filed in this Court by their docket number, (2) "E.R." refers to the Excerpts of Record filed by the State (Doc. 28), and (3) "Opening Br.", "Answering Br.", and "Reply Br.", refer to the State's Opening Brief (Doc. 61), Plaintiffs' Answering Brief (Doc. 67), and the State's Reply Brief (Doc. 93), respectively.

2

E.R.1. The State appealed from the entry of the Preliminary Injunction, E.R.67-69, and unsuccessfully sought a stay pending appeal from the district court. E.R.58; E.R.37.

During the pendency of this appeal, the Arizona Legislature supplanted the Act by amendment (the "Amended Act"). Doc. 103 at 2-3. The Amended Act, among other changes, narrows the scope of the statute: it now applies only to for-profit corporate entities with ten or more full-time employees (A.R.S. § 35-393(2)), and only concerns those government contracts with a value of $100,000 or more (A.R.S. § 35-393.01(A)). Doc. 103 at 5-6. The Amended Act is effective today, August 27, 2019. Doc. 116.

On April 25, 2019, the State filed a Suggestion of Potential Future Mootness with this Court following the enactment of the Amended Act but before its effective date. Doc. 99. The State subsequently filed a supplemental brief as ordered by this Court on May 8, 2019. Doc. 103.

In response to the State's suggestion of mootness and associated briefing, Plaintiffs primarily argued that this "Court should not dismiss this case as moot and should instead reach the live merits presented" and "decide this appeal before [the Amended Act] takes effect." Doc. 106 at 4-5. Plaintiffs acknowledged, however, that they would "not be subject to the [Amended] Act's certification requirement," and that once the Amended Act became effective "they would no

3

longer face imminent irreparable harm" and that therefore "the Court should dismiss the appeal as moot and vacate the preliminary injunction." Doc. 103 at 3-4, 7.

On May 28, 2019, this Court "withdr[e]w submission of this appeal and stay[ed] all further proceedings pending the decision in *Board of Trustees v. Chambers*, No. 16-15588." Doc. 114 at 1. En banc oral argument in *Chambers* was held on June 18, 2019.[2]

The Amended Act became effective today, August 27, 2019. *See* Doc. 116.

### LEGAL STANDARD

In evaluating a motion for stay pending appeal, a court considers "four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (citation omitted).

---

[2] *See* Ninth Circuit, *Status of Pending En Banc Cases*, available at https://www.ca9.uscourts.gov/enbanc/.

 This Court's May 22, 2019 Order prohibits citation of that decision "as precedent by or to any court of the Ninth Circuit." *See Board of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 923 F.3d 1162, 1163 (9th Cir. 2019). The State does not cite *Chambers* herein as precedent, but rather for historical reference.

4

# ARGUMENT

## I. THE AMENDED ACT MOOTS THIS CASE

As explained previously in the State's supplemental briefs concerning mootness, this case became moot today upon the effective date of the Amended Act. *See* Docs. 103, 111, and 116. The State incorporates by reference its prior arguments and will not belabor them here.

As indicated by Plaintiffs' supplemental brief, there does not appear to be any dispute that the Preliminary Injunction is now moot: Plaintiffs have conceded that once the Amended Act became effective (as it now has) "the Court should dismiss the appeal as moot." Doc. 106 at 4.

There should be no doubt that the State is now likely to prevail on its appeal of the district court's Preliminary Injunction—the parties *agree* that the preliminary injunction should be dismissed as moot. To the extent that the motions panel previously denied the State's motion for a stay pending appeal because (in the panel majority's view) it "ha[d] not shown a strong likelihood of success on the merits," that holding is no longer tenable in light of the conceded mootness of the preliminary injunction. *See Food & Water Watch, Inc. v. Vilsack,* 808 F.3d 905, 913 (D.C. Cir. 2015) ("'In th[e preliminary injunction] context, the 'merits' on which plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction.'" (citation omitted)).

The parties do dispute whether this entire action is moot. Doc. 103 at 4-9; Doc. 106 at 3-11. In resolving that question, this Court's en banc decision in *Chambers* is quite likely to shed light on that question. The State therefore requests that this Court stay the preliminary injunction pending resolution of this appeal but defer decision on the mootness of this action until *Chambers* is decided.

The State notes, however, that mootness of this action does not appear to be robustly contested. Indeed, the most conviction that Plaintiffs seemingly could muster is that federal courts "*could well conclude* that SB 1167 does not moot Plaintiffs' request for declaratory relief," and relied on *Chambers* for that lukewarm assertion. Doc. 106 at 11 (emphasis added). This Court has now vacated *Chambers*—*i.e.*, the principal basis on which Plaintiffs asserted that this overall action *might* not be moot—thereby leaving little reason to doubt that dismissal of the entire action is appropriate (unless, perhaps, the en banc court ultimately reaches the same conclusion as the *Chambers* panel majority).

Given that Plaintiffs had little basis for contesting mootness of the entire action aside from the now-vacated *Chambers* opinion, deferring adjudication of that question until after the en banc court reaches a decision is appropriate. If the

*Chambers* en banc court concludes that action is moot, there is little reason to doubt this action is too.[3]

## II. THE STATE IS ALSO LIKELY TO PREVAIL ON ITS FIRST AMENDMENT AND SCOPE ARGUMENTS

Briefing is now complete on the merits of the State's appeal, which was not available previously. That briefing makes even clearer that Plaintiffs' First Amendment claim fails. In particular, none of Plaintiffs' and the district court's combined *nine* attempted distinctions of *Rumsfeld v. FAIR*, 547 U.S. 47 (2006). can withstand scrutiny. Opening Br.27-30; Reply Br.4-7. And Plaintiffs have tellingly and repeatedly refused to defend the district court's inexplicable "larger call" rationale despite multiple opportunities to do so. Opening Br.28; Reply Br.4. The district court's sole distinction of *FAIR* is thus simply untenable and indefensible.

The State is also likely to prevail on its argument that the preliminary injunction is overbroad. Opening Br.63-71; Reply Br.31-37. The motions panel

---

[3] The State had previously agreed that this Court could remand this issue for determination by the district court in the first instance. *See* Doc. 111 at 2-3. But this Court instead elected to retain jurisdiction pending en banc resolution of *Chambers*, rather than remand. Since this Court has elected to retain jurisdiction to decide the merits, it should carry out that plan rather than issue a belated remand. Moreover, the State's agreement to a remand was premised in part on the "admitted murk[iness]" of *Chambers*, which Plaintiffs acknowledged. *See* Doc. 106 at 11 (quoting *Chambers*, 908 F.3d at 843). Now that this Court has taken *Chambers* en banc to resolve that murkiness, there is far less justification for a remand.

7

did not address this argument at all, leaving it open to the merits panel. *See* Doc. 26 at 1-3. As explained previously, the district court's blanket injunction is completely unreasoned except, perhaps, for a stray reference that the Original Act is unconstitutional "on its face" that inexplicably appears in a section of the opinion declining to impose a bond requirement sought by no one. Opening Br.57-58; Reply Br.32. If district courts can issue blanket injunctions without providing any supporting reasoning—as occurred here—this Court should simply drop the pretense that it reviews the scope of injunctions at all This case is, quite literally, the *reductio ad absurdum* of overbroad injunctions made manifest: maximalist scope, zero supporting reasoning. But this Court has mandated that district courts "must narrowly tailor any injunctive relief to the specific threatened harms raised by [plaintiffs]" and enforced that rule by reversing overbroad injunctions. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1142 (9th Cir. 2009). And this case is a paradigmatic example of one.

Thus, at a bare minimum this Court should stay pending appeal the Preliminary Injunction insofar as it applies to non-parties. Even assuming that its scope could ever have been justified, it no longer can be given the virtual certainty of mootness here.

8

### III. THE BALANCE OF HARMS NOW TIPS SHARPLY IN FAVOR OF THE STATE

In denying a stay previously, this Court reasoned that "[e]ach side has made a strong claim to irreparable harm in the event that it prevails on the merits of the First Amendment challenge." Doc. 26 at 3. But in light of the Amended Act becoming effective, Plaintiffs now "acknowledge that they would no longer face imminent irreparable harm." Doc. 106 at 3. Given that the Plaintiffs' alleged harms have now fallen off the scales, the balance of harms undeniably tips sharply in favor of a stay. That, combined with Plaintiffs' concession that the State should prevail on its argument that the district court's Preliminary Injunction is now moot, leaves no doubt that a stay pending appeal should be granted.

### CONCLUSION

For the foregoing reasons, this Court should grant the State's renewed motion for a stay pending appeal.

Respectfully submitted,

MARK BRNOVICH
ATTORNEY GENERAL

s/ Drew C. Ensign
Drew C. Ensign
Oramel H. (O.H.) Skinner
Brunn (Beau) W. Roysden III
Anthony R. Napolitano
Robert J. Makar
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: (602) 542-5025
Facsimile: (602) 542-4377

*Counsel for the State of Arizona*

## CERTIFICATE OF SERVICE

I, Drew C. Ensign, hereby certify that I electronically filed the foregoing State of Arizona's Renewed Motion For A Stay Pending Appeal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 27, 2019, which will send notice of such filing to all registered CM/ECF users.

s/ Drew C. Ensign
Drew C. Ensign