**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKKEL JORDAHL; MIKKEL (MIK) JORDAHL, PC, | No.   18-16896 |
| Plaintiffs-Appellees, | D.C. No. 3:17-cv-08263-DJH |
| v. | MEMORANDUM* |
| MARK BRNOVICH, Attorney General, in his official capacity as Arizona Attorney General, | |
| Defendant-Appellant, | |
| STATE OF ARIZONA, | |
| Intervenor-Defendant-Appellant, | |
| and | |
| JIM DRISCOLL, in his official capacity as Coconino County Sheriff; ELIZABETH ARCHULETA; ART BABBOTT; JIM PARKS, in their official capacity as Coconino County Jail District Board of Directors Members; MATT RYAN; LENA FOWLER, | |
| Defendants. | |

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted December 10, 2019[**]
Seattle, Washington

Before: RAWLINSON, BEA, and NGUYEN, Circuit Judges.

In 2016 the Arizona Legislature enacted, and the Governor signed, House Bill 2617 ("the Act") which prohibited public entities from contracting with companies that engage in "boycott[s] of Israel." Ariz. Rev. Stat. § 35-393.01(A) (2016). A certification that the contractor agreed not to boycott Israel was to be included in every contract with state or local governments. *Id.* When it went into force, the Act applied to all manners of companies, from sole proprietorships to multinational corporations, and to contracts of any value. *Id.* §§ 35-393(2), 35-393.01(A) (2016).

Plaintiff-Appellee Mikkel Jordahl is the sole member and director of Mikkel (Mik) Jordahl, P.C. ("the Firm"), a law firm in Arizona. For the past twelve years, the Firm has maintained a series of contracts with the Coconino County Jail District, under which the Firm provides legal services to inmates. The contract is valued at approximately $18,000 annually. Jordahl engages in a personal boycott

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

of Israel by refusing to purchase products from companies that he believes "perpetuat[e] the occupation of the West Bank," and wishes for his Firm to do so as well. When presented with a certification to not engage in a boycott of Israel as part of the contract renewal with Coconino County in 2016, Jordahl, on behalf of the Firm, signed under protest. In 2017, he refused to sign, and the Firm was not paid for services performed.

Jordahl filed suit against the Arizona Attorney General, the Coconino County Sheriff, and the Coconino County Jail District Board of Directors under 42 U.S.C. § 1983, arguing that the Act violated the First Amendment both on its face and as applied to him; Arizona intervened as a defendant. Jordahl sought declaratory and injunctive relief. The district court granted Jordahl's motion for a preliminary injunction and enjoined the State from enforcing the certification requirement for public contracts. *Jordahl v. Brnovich*, 336 F. Supp. 3d 1016, 1050-51 (D. Ariz. 2018).

The defendants appealed, and in 2019, while the appeal was pending, the State amended portions of the Act with Senate Bill 1167 ("the revised Act"). The revised Act made two key changes that exempt Jordahl and the Firm from the revised Act's provisions: The Act's anti-boycott certification requirement now applies only to (1) companies with ten or more full-time employees, and (2) contracts valued at $100,000 or more. *See* S.B. 1167, 54th Leg., 1st Reg. Sess.

3

(Ariz. 2019); Ariz. Rev. Stat. §§ 35-393(2), 35-393.01(A). These changes took effect in August 2019.

Because the Act no longer apples to Jordahl or his Firm, his claims for declaratory and injunctive relief are moot. *See Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1197 (9th Cir. 2019) (en banc). Accordingly, we vacate the preliminary injunction and remand the case to the district court with instructions to dismiss the claims for declaratory and injunctive relief. On remand the district court retains jurisdiction to determine whether an award of attorneys' fees is appropriate under 42 U.S.C. § 1988(b). *See Watson v. County of Riverside*, 300 F.3d 1092, 1094-95 (9th Cir. 2002); *Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir. 1980) (per curiam).

**VACATED AND REMANDED WITH INSTRUCTIONS**.